PACIFIC VEGETABLE OIL Co. *v.* UNITED STATES (No. 4439)[1]

---

[1] C. A. D. 287.

United States Court of Customs and Patent Appeals, April 27, 1944

*Lawrence & Tuttle* (*Frank L. Lawrence* of counsel) for appellant.
*Paul P. Rao*, Assistant Attorney General (*Joseph F. Donohue* and *Sybil Phillips*, special attorneys, of counsel) for the United States.

[Oral argument April 5, 1944, by Mr. Tuttle and Mr. Donohue]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

This appeal involves the dutiability of 38 iron drums imported at the port of Los Angeles, containing tung oil. The tung oil was admitted free of duty, but the collector classified the drums under paragraph 328 of the Tariff Act of 1930 and assessed duty thereon at 25 per centum ad valorem.

Appellant protested this assessment, claiming that the drums were free of duty as the usual containers of free merchandise. Another claim was made in the protest which was thereafter abandoned.

Upon the trial before the Customs Court, two witnesses testified in behalf of appellant. The Government offered no evidence.

It appears from such testimony that the involved drums are cylindrical in form, each having a capacity of about 55 gallons, about 22 inches in diameter, and 3 feet high. It also appears that such drums are the usual containers for tung oil imported into the United States.

William E. Kelly, the examiner of merchandise at the port of Los Angeles, testified that drums such as are here involved containing tung oil have, to his knowledge, been imported for 20 years; that other types of cylindrical vessels used for gas, commonly 10 or 12 inches in diameter and 4 to 6 feet high, are usually exported filled with gas, and are reimported empty, and that this has been true for fully 20 years.

Paragraph 328, *supra*, reads as follows:

PAR. 328. Lap-welded, butt-welded, seamed, or jointed iron or steel tubes, pipes,

70

flues, and stays, not thinner than sixty-five one-thousandths of one inch, if not less than three-eighths of one inch in diameter, three-fourths of 1 cent per pound; if less than three-eighths and not less than one-fourth of one inch in diameter, 1¼ cents per pound; if less than one-fourth of one inch in diameter, 1¾ cents per pound: *Provided,* That no tubes, pipes, flues, or stays made of charcoal iron shall be subject to a less rate of duty than 1¼ cents per pound; cylindrical and tubular tanks or vessels, for holding gas, liquids, or other material, whether full or empty; welded cylindrical furnaces, tubes and flues made from plate metal, whether corrugated, ribbed, or otherwise reinforced against collapsing pressure, and all other finished or unfinished iron or steel tubes not specially provided for, 25 per centum ad valorem; flexible metal tubing or hose, whether covered with wire or other material, including any appliances or attachments affixed thereto, not specially provided for, and rigid iron or steel tubes or pipes prepared and lined or coated in any manner suitable for use as conduits for electrical conductors, 30 per centum ad valorem.

The Customs Court overruled appellant's protest and entered judgment accordingly from which this appeal was taken.

The question before us for decision is the construction of the clause "cylindrical and tubular tanks or vessels," found in paragraph 328 above quoted.

It is appellant's contention that the word "and" must be used in its conjunctive sense, and that no cylindrical tank which is not also tubular is classifiable under the paragraph. It bases this contention upon the fact that in paragraph 151 of the tariff act of 1909, and paragraph 127 of the tariff act of 1913, which covered substantially the same subject matter as paragraph 328, *supra,* the provisions "flues, and stays," "tubes and flues," and "cylindrical and tubular," now found in said paragraph 328, appeared in said earlier acts with the word "or" instead of "and" and invokes the familiar doctrine that ordinarily a change in language implies a change in intent; that under this rule the involved drums are not classifiable under paragraph 328, and should have been admitted free of duty as usual containers of merchandise which is itself free of duty.

The trial court, in overruling appellant's protest, relied principally upon the doctrine of legislative adoption of judicial construction, and cited a number of cases arising under the Tariff Act of 1922 and decided prior to the enactment of the Tariff Act of 1930, which held that drums similar to those here involved were dutiable under paragraph 328 of said Tariff Act of 1922, which was identical with paragraph 328 of the Tariff Act of 1930. The trial court observed, also, that the holdings of such cases were brought to the attention of Congress in the Summary of Tariff Information, 1929.

Appellant contends that the doctrine of legislative adoption of judicial construction is not applicable here, for the reason that the question now before us does not appear to have been raised or considered in any of the cases cited by the trial court, and that the question here involved is presented for the first time for judicial decision.

We do not find it necessary to pass upon the question thus raised, for we prefer to rest our decision upon our construction of the clause "cylindrical and tubular tanks or vessels" which, as will hereinafter appear, is not in conflict with the decisions relied upon by the Customs Court.

It is so elementary as to require no citation of authority that the master rule of construction in the consideration of statutes is so to interpret them as to carry out the legislative intent, and if the legislative intent is contrary to any rule of construction such rule must yield to it.

With this premise, we proceed to a consideration of the proper construction of said provision "cylindrical and tubular tanks or vessels."

It appears that prior to the tariff act of 1909 all containers such as are here involved containing merchandise free from duty were treated as nondutiable. The tariff act of 1909, paragraph 151, provided for a duty upon "flues, *or* stays," "cylindrical *or* tubular tanks or vessels, for holding gas, liquids, or other material, whether full or empty," and "tubes *or* flues made from plate metal." [Italics ours.] Except for the rate of duty the same provision was carried in the tariff act of 1913 as paragraph 127.

All of said last named paragraph 127 was reenacted in paragraph 328 of the Tariff Act of 1922, except that the language "flues, or stays" was changed to read "flues, and stays," "cylindrical or tubular tanks or vessels" was changed to read "cylindrical and tubular tanks or vessels," and "tubes or flues made from plate metal" was changed to read "tubes and flues made from plate metal."

We would first observe that under appellant's construction there would be no occasion for the use of the word "and" in the clause "cylindrical and tubular tanks or vessels." Appellant's construction would be clear if the provision read "cylindrical tubular tanks or vessels." Furthermore, there would be no occasion for the use of the word cylindrical in the clause, if it was the intent to exclude from the provision tanks or vessels which were not tubular. Appellant's brief admits that commonly a tube is a cylindrical body but it quotes from Webster's New International Dictionary, Second Edition, which defines a tube as being a hollow cylinder and also that it may be "oval, square, or polygonal in section."

In none of the dictionaries in existence when the Tariff Act of 1922 was enacted which we have examined do we find the statement that a tube may be other than cylindrical.

In the case of *Ball et al.* v. *United States*, 8 Ct. Cust. Appls. 143, T. D. 37271, this court quoted with approval the following from Webster's dictionary:

*Tube.* 1. A hollow cylinder, of any material, to convey liquids or gases or for some other purpose; a pipe; as, a fire *tube;* a water *tube;* a condenser *tube* (*see*

CONDENSER, 2e); the *tubes* of a tubular bridge; a friction *tube;* the *tube* of a musical instrument; bronchial *tube;* a priming *tube,* etc.

The word "tube" is arbitrarily associated with certain articles or devices.not customarily called *pipes,* and vice versa, although *tube* and *pipe* are practically synonymous mechanically; as, iron *pipe;* glass or rubber *tube;* gas *pipe;* boiler *tube.*

We have found no case before any court where tubes other than cylindrical tubes were involved.

It, therefore, seems to us that if Congress intended that the clause under consideration should not include cylinders which were not tubes the words "cylindrical and" would have been omitted, in which case cylinders that were not tubes would have been excluded from the paragraph, or, as hereinbefore indicated, the term "cylindrical tubular tanks," omitting the word "and" would exclude cylinders which were not tubes and also tubes which were not cylindrical.

·Furthermore, throughout the Tariff Act of 1930 the words "and" and "or" are frequently used interchangeably ·to indicate distinct articles.

We point out that in the other changes in the paragraph from "or" to "and," viz, the change of "flues, or stays" to "flues, and stays," and "tubes or flues" to "tubes and flues," Congress clearly did not intend any change in meaning unless it was to more clearly indicate that in the first change from "flues, or stays," to "flues, and stays," said words were not considered to be synonymous terms, and, likewise, in the third change from "tubes or flues" to "tubes and flues." In other words, if any change of meaning was intended, it was in the opposite direction from that now urged by appellant in the change from "cylindrical or tubular" to "cylindrical and tubular."

It is our judgment that from a consideration of the language of paragraph 328 and the predecessor paragraphs in the tariff acts of 1909 and 1913 the words "cylindrical and tubular tanks and vessels" should be held to refer to distinct articles and not to cylindrical tubular tanks alone.

The Tariff Act of 1922 originated in H. R. 7456, 66th Congress. As originally introduced, paragraph 328 contained the clauses "flues, and stays," "cylindrical and tubular tanks and vessels," and "welded cylindrical furnaces, tubes and flues," as they now appear in said tariff act. In the Senate the clause "flues, and stays" was amended to read "flues, or stays." However, after the bill came from conference the Senate receded from its amendment and the word "and" was restored to the provision.

We find nothing in the history of the bill that is of any aid in the construction of the provision in question. Neither in the reports of the committees nor in debate was this matter referred to. Neither in the hearings before the Ways and Means Committee of the House, nor before the Senate Finance Committee was the subject mentioned.

This is to us significant because, if the clause was intended to have the construction for which appellant contends, it would seem that at some point in the legislative history of the bill some reason would appear for excluding cylinders which were not tubes and also excluding tubes which were not cylindrical, if at that time there were any such tubes. No possible reason can be discerned why Congress should so legislate, and appellant has not advanced any reason other than Congress might have wished to revert to the old practice of admitting drums free of duty when containing duty free goods. We can find no foundation for such a surmise. Furthermore, appellant has advanced no reason whatever why, in addition to excluding cylinders, Congress should have sought to exclude tubes which were not cylindrical, if such there be.

The case of *Cassard Romano Co., David A. Haagens* v. *United States*, 19 C. C. P. A. (Customs) 191, T. D. 45294, involved the construction of paragraph 1449 of the Tariff Act of 1922. Said paragraph differed from a similar paragraph in the tariff act of 1913 only in punctuation, and the substitution of the word "and" for "or" in one provision of the paragraph.

It was there claimed, as it is here claimed, that the changes made implied a change of meaning, and that the paragraph should not have the same construction as the predecessor paragraph in the tariff act of 1913.

In our opinion in said case we held that the paragraph should have the same construction as the like paragraph in the tariff act of 1913, and stated:

We have examined the legislative history of paragraph 1449 and find that when the tariff bill, H. R. 7456, was introduced in the House, the paragraph read exactly the same as when it was finally enacted into law, with the exception of the rate of duty and the number of the paragraph, which when introduced was 1446. When the bill was reported to the House it was accompanied by a lengthy report from the Committee on Ways and Means, and no mention is made therein of this paragraph. It would seem that, if any such radical change was intended by the changed language and punctuation as appellants contend for, there would have been some mention of such change in the report of the Committee on Ways and Means in the House or in the report of the Finance Committee of the Senate. There was none. Furthermore, so far as we have been able to discover, this paragraph was not mentioned in the debates upon the floor of either house, other than as to change of rate of duty.

A like observation is applicable to the case at bar.

It is, of course, true, as appellant contends, that very often in tariff statutes the word "and" does not denote distinct articles, but may refer to a single article having particular qualities. Among such cases is that of *Bayersdorfer & Co.* v. *United States*, 7 Ct. Cust. Appls. 66, T. D. 36390, where it was held that under a tariff provision for "artificial and ornamental flowers," to be dutiable thereunder

flowers must be both artificial and ornamental. Another similar case is that of *Edgar Allen Steel Co. (Inc.) et al.* v. *United States*, 16 Ct. Cust. Appls. 26, T. D. 42715, where it was held that a tariff provision for material containing "molybdenum and tungsten" required that material to be dutiable thereunder must contain both of those metallic elements.

On the other hand, there are many cases holding that the change of "or" to "and" in a statute does not necessarily imply a change in meaning. The case of *Cassard Romano Co., David A. Haagens* v. *United States, supra,* is one such. In concluding our opinion in that case we said:

> We think the changes made in paragraph 1449, causing it to differ from paragraph 376 of the Tariff Act of 1913, were merely changes of the draftsman in what he deemed was a better statement of the paragraph and that there was no intention upon the part of Congress in its enactment to give it a different construction than had been given to paragraph 376 of said Tariff Act of 1913.

A like observation is applicable here with respect to paragraph 328 here involved.

In the case of *In re Downing et al.*, 56 Fed. 470, there was involved the construction of the word "and" in a provision of the tariff act of 1890, where the provision in the bill enacting said tariff act originally contained the word "or." In its opinion the court said:

> It appears that while the tariff act was under consideration by congress the provision in question, which originally read "vermillion red, or colors containing quicksilver," was amended so that the word "or" was stricken out, and the word "and" was inserted. Had not this change been made, there might be room for argument that the two descriptive terms were intended as the equivalent, one for the other; but the amendment serves to remove any doubt which might have been suggested by the original phraseology of the bill.

So, in the case at bar, the change from "or" to "and" in paragraph 328 might well have been for the purpose of making plain that two distinct articles were intended to be covered thereby.

Finally, having in mind that the rule that a change of language ordinarily implies a change of meaning is merely a rule of construction which must yield if there appears to be a contrary congressional intent, we are clear that Congress did not intend in the change of "or" to "and" to change the meaning that had theretofore been given to the clause "cylindrical or tubular tanks and vessels" in previous acts, other than to make certain that distinct articles would be classified thereunder.

Certainly, in changing "or" to "and" in the clause "flues, and stays," and "or" to "and" in the clause of "tubes and flues" in said paragraph, Congress did not intend any change in meaning from that given in said clauses in previous acts, and there is no reason to suppose that any change was intended in changing "or" to "and" in the clause "cylindrical and tubular tanks and vessels." This is espec-

ially true in view of the following facts: That for 13 years, under two tariff acts, cylinders such as are here involved, filled with oil, had been dutiable under said provision, and no reason appears why Congress should desire to admit them free of duty; that no reason appears why Congress should desire to limit tubes to cylindrical tubes when, so far as known, no other kind of tubes have ever been imported, or were even known to exist, but assuming than there were oval tubes in existence used for the purposes named in the paragraph, but which were not cylindrical, we can conceive of no possible reason why Congress should desire to admit them free if imported filled with oil or other material, but should desire to tax tubes if they were cylindrical.

In view of all the foregoing, we are perfectly clear that the involved drums were properly classified by the collector, and the judgment of the trial court overruling appellant's protest is *affirmed*.